# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2546 | **DATE** | 3/20/2003 |
| **CASE TITLE** | GORDON DINWIDDIE vs. JAMES CHRANS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Dinwiddie's motion for certificate of appealability is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | MAR 21 2003 date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 03 MAR 20 PM 6:01 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

Document Number 35

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

DOCKETED

MAR 2 1 2003

| | | |
|---|---|---|
| GORDON DINWIDDIE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 00 C 2546 |
| | ) | |
| v. | ) | The Honorable John W. Darrah |
| | ) | |
| JAMES CHRANS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Gordon Dinwiddie ("Dinwiddie"), seeks a certificate of appealability following the denial of his petition for writ of habeas corpus.

Federal Rule of Appellate Procedure 22 provides that:

> [i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.

Fed.R.App.P. 22(b)(1). Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2002). A "substantial showing of the denial of a constitutional right" requires that the petitioner "demonstrat[es] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).



Dinwiddie raised five grounds for relief in his Petition for Writ of Habeas Corpus: (1) he was denied due process, equal protection and effective assistance of counsel when the trial court determined that his statements were voluntary and admissible; (2) he was denied a fair trial where the trial court allowed testimony of a weapon that was not connected to the crime which denied him of his rights to due process and equal protection; (3) he was denied due process and equal protection when he was denied a fair trial by the prosecutor's closing argument; and (5) he was denied due process and equal protection when he received an excessive sentence of sixty years.

After counsel was appointed, Dinwiddie amended his habeas petition to raise three additional grounds for relief: (1) his trial attorney incorrectly told him that he had to testify at trial, (2) his trial attorney failed to pursue an independent psychological analysis of Dinwiddie, and (3) his trial attorney should not have acted as sole counsel.

On December 12, 2001, this Court denied Dinwiddie's Petition for Writ of Habeas Corpus, holding that the following claims were procedurally defaulted because Dinwiddie failed to present them to the Illinois Supreme Court: (1) that he was denied a fair trial where the trial court allowed testimony of a weapon that was not connected to the crime, (2) that he was denied due process and equal protection because he was not proven guilty beyond a reasonable doubt, (3) that he was denied due process and equal protection when he was denied a fair trial by the prosecutor's closing argument, (4) that he was denied due process and equal protection when he received an excessive sentence of sixty years, and (5) that his trial counsel was ineffective. *United States ex rel. Dinwiddie v. Chrans*, No. 00 C 2546, 2001 WL 160673, at *3 (N.D. Ill. Dec. 12, 2001). The Court found that Dinwiddie had not demonstrated cause and actual prejudice or that a fundamental miscarriage of justice would occur if his claims were not considered and, therefore, was not entitled to relief on the

defaulted grounds. *Dinwiddie*, 2001 WL 160673, at *4.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack*, 529 U.S. at 484.

Jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. It is not debatable that those claims were procedurally defaulted and that, therefore, Dinwiddie was not entitled to habeas relief on those claims.

To avoid a procedural default, Dinwiddie had to satisfy two requirements: (1) exhaustion of remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000). "For a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez*, 193 F.3d at 917 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). Dinwiddie did not raise those claims in his Petition for Leave to Appeal to the Illinois Supreme Court, the court of last resort; and, therefore, they were procedurally defaulted. Thus, a reasonable jurist would not find it debatable whether the Court was correct in its procedural ruling. The Court, therefore, need not address the second issue of whether or not the petition states a valid claim of the denial of a constitutional right. *Slack*,

529 U.S. at 484 ("The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' *Ashwander v. TVA*, 297 U.S. 288, 347 . . . (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues.").

The Court found a single claim to be properly before it: that he was denied due process and equal protection where the trial court determined that his statement was voluntary and admissible. *Dinwiddie*, 2001 WL 160673, at *8. The Court held that the state court did not apply a United States Supreme Court doctrine unreasonably to the facts of the case and that the state court's decision did not rely on an unreasonable reading of the facts in light of the evidence presented and that, therefore, habeas relief was not appropriate under 28 U.S.C. § 2254(d). *Dinwiddie*, 2001 WL 160673, at *8. The Court held that Dinwiddie had not shown that there was coercive police activity to support a finding that his statement was involuntary within the meaning of the Due Process Clause of the Fourteenth Amendment. *Dinwiddie*, 2001 WL 160673, at *8-9. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Reasonable jurists would not find the district court's assessment of Dinwiddie's claim that he was denied due process and equal protection where the trial court determined that his statement was voluntary and admissible was debatable or wrong.

"A confession is voluntary if, in the totality of the circumstances, it is the 'product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will.'" *United States v.*

*Huerta*, 239 F.3d 865, 871 (7th Cir. 2001) (quoting *United States v. Dillon*, 150 F.3d 754, 757 (7th Cir. 1998)). Petitioner must show coercive police activity in order for the Court to find that his confession was not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment. *Huerta*, 239 F.3d at 871 (quoting *Colorado v. Connelly*, 479 U.S. 157, 167 (1986)).

The following factors are to be considered when determining whether there was coercive police activity: (1) Petitioner's age, education, intelligence level and mental state; (2) the length of detention; (3) the nature of the interrogation; (4) the inclusion of advice about constitutional rights; (5) the use of physical punishment, i.e., the deprivation of food or sleep; and (6) whether Petitioner had ingested narcotics or alcohol or was fatigued. *Huerta*, 239 F.3d at 871 (citing *Brooks*, 125 F.3d at 492). A court should defer to the trial court's determination of credibility unless the testimony is "exceedingly improbable." *Huerta*, 239 F.3d at 872 (citing *Dillon*, 150 F.3d at 758). The evidence showed that Dinwiddie was a sixteen-year-old of normal intelligence and mental state at the time he made his statement and who had previous experience with the police and legal system; that he confessed on three separate occasions, the first after fifteen to twenty minutes of police interrogation; and was not abused by the police or deprived of food or sleep. There was no evidence that the interrogation was coercive in any way. Dinwiddie has not identified any other evidence that would suggest that his confession was coerced. Therefore, Dinwiddie has not demonstrated that the district court's assessment of this constitutional claim was debatable or wrong.

Based on the foregoing, Dinwiddie's Motion for Certificate of Appealability is denied.

Date: March 19, 2003

JOHN W. DARRAH
United States District Judge